# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Matthew A. Brown - Partner
Direct E-Mail Address: matt@mllaborlaw.com
Direct Dial: (516) 303-1366

May 12, 2023

**Via ECF**

The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

      Re:   *Aliyeva v. Diamond Braces et al*
              Case No. 22-cv-04575

Dear Judge Failla:

      This firm represents Defendants in the above-referenced matter. This letter shall serve as Defendants' request that the Court stay discovery during the pendency of their Motion to Dismiss the Second Amended Complaint ("MTD") filed today. A stay is warranted until there is certainty with regard to the Second Amended Complaint ("SAC") for the reasons set forth below.

      The court has discretion to stay discovery "for good cause" pursuant to Rule 26(c). <u>New York by James v. Pennsylvania Higher Educ. Assistance Agency</u>, 2020 U.S. Dist. LEXIS 22671, at *1 (S.D.N.Y. 2020). Good cause is analyzed by the "application of [3] factors: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." <u>Id</u>. (internal quotations omitted).

      Moreover, the fact that Plaintiffs lack standing to bring certain state-based claims in this Court weighs in favor of a stay. <u>See</u> <u>Miller v. Brightstar Asia, Ltd.</u>, 2020 U.S. Dist. LEXIS 239539, *12 (S.D.N.Y. 2020)(holding that arguments to dismiss claims for lack of subject-matter jurisdiction weights in favor of granting a stay of discovery based on "the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction.")(internal quotations omitted).

      Here, good cause exists as Defendants have made a strong showing that dismissal of all or many of the claims asserted in the SAC is warranted (e.g. due to the unmeritorious nature of the claims and/or because of lack of standing). A non-exhaustive summary of Defendants' arguments are set forth below.

Specifically, Plaintiffs fail to adequately allege claims for time-shaving pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Those claims are solely based on whether unpaid breaks were compensable because (1) Plaintiffs allege they could not take a free and clear break because they were required to perform work, or (2) the breaks lasted less than twenty (20) minutes, but during which they performed no work. However, the SAC is devoid of any non-conclusory facts concerning that branch of the claim. Moreover, since Plaintiffs admit that they did not perform work during breaks lasting less than twenty (20) minutes, the claim fails. See Stewart v. Hudson Hall LLC, 2021 U.S. Dist. LEXIS 73173, *22-23 (S.D.N.Y. 2021). Furthermore, the failure to compensate employees for breaks that last less than twenty (20) minutes is not actionable pursuant to the NYLL. Id. at *23 (internal citations omitted).

Plaintiff Michelle Isayeva's FLSA claims are otherwise doomed from the start because she never worked more than forty (40) hours per week, assuming *arguendo* that the alleged time-shaving is proven true. Based on Defendants' time and pay records, she can at best pursue a claim for "gap-time" which is only actionable pursuant to the NYLL, not the FLSA.

Furthermore, Plaintiffs' NYLL §§ 195(1) and (3) claims should also be dismissed. Specifically, Plaintiffs lack Article III standing to proceed with such claims in federal court because they have not alleged any downstream injury with consequences beyond this lawsuit based on the purported violations of law. In addition, Plaintiffs were issued and electronically acknowledged receipt of wage rate notices as required by NYLL § 195(1).

Moreover, Fernandez's claim related to failure to pay paid-time off ("PTO") at her time of separation are subject to dismissal as the NYLL does not afford a private right of action related to such a claim. Additionally, she cannot proceed with a claim on the theory of breach of contract because she does not cite to any contract requiring the payment of PTO and the employee handbook incorporated into the SAC explicitly states that it is not a contract.

In addition, Fernandez has failed to and cannot plead a claim for FLSA/NYLL retaliation. The allegations contained in the SAC are unclear as to what Fernandez allegedly complained about with respect to wages, who she complained to and/or whether the individual she complained to had any decision-making authority or impact on her termination. In reality, Fernandez did not engage in protected activity because she only complained about personality disputes with her supervisor prior to her termination (which is memorialized in writing). Fernandez and the supervisor with whom she had the personality dispute were *both* terminated for their behavior and violation of company policy regarding maintaining a respectful workplace.

Moreover, the Court lacks and/or should decline to exercise supplemental jurisdiction over the remaining claims arising under New York Law. For instance, Isayeva's NYLL § 191 claim for untimely payment of wages and Fernandez's PTO claims (i.e. pursuant to the NYLL and/or breach of contract) are wholly unrelated to the underlying federal wage claim for time-shaving due to unpaid breaks. Therefore, the Court cannot, or in the alternative, should not exercise supplemental jurisdiction over those claims. The Court should also decline supplemental jurisdiction over any remaining claims rooted in state law because any comity and/or judicial economy can no longer

be achieved since Plaintiffs will be required to re-file their NYLL § 195 claims (and possibly others) in New York State Supreme Court.

      Additionally, the breadth of discovery for the claims asserted in the SAC will be extensive, protracted and intrusive (e.g. voluminous documents, a costly and time-consuming search of ESI). However, it could be significantly limited if some or all of the claims asserted are dismissed. This is especially the case because collective and/or class-wide claims, which could require extensive discovery for hundreds of individuals, are subject to dismissal at the pleading stage. Thus, the parties will necessarily incur substantial expenses if and/or when discovery is conducted. In contrast, a stay would conserve both judicial and party resources, even if only partial dismissal is granted. See Miller, 2020 U.S. Dist. LEXIS 2395539 at *13 citing Spinelli v. Nat'l Football League, 2015 U.S. Dist. LEXIS 155816, *2 (S.D.N.Y. 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable.").

      Lastly, Plaintiffs will not be prejudiced because a stay of discovery will presumably be for a relatively short time, and "a short delay at this time would not be unfairly prejudicial." Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh, 2020 U.S. Dist. LEXIS 211610, *1 (S.D.N.Y. 2020); see also Spinelli, 2015 U.S. Dist. LEXIS 155816 at *2 (stay of discovery granted in two-year-old case as "delay in discovery, without more, does not amount to unfair prejudice").

      Thank you for your attention to this matter.

                                              Respectfully submitted,

                                              /s/ Matthew A. Brown

```
As discussed with the parties during the March 23, 2023 pre-motion
conference, it is this Court's general practice to stay discovery when a
potentially dispositive motion to dismiss has been filed.  As Defendants
have now filed their motion to dismiss (Dkt. #50-53), discovery in this
case is stayed pending the Court's resolution of the motion.

The Clerk of Court is directed to terminate the pending motion at docket
entry 54.

Dated:    May 12, 2023                 SO ORDERED.
          New York, New York
```

                                              HON. KATHERINE POLK FAILLA
                                              UNITED STATES DISTRICT JUDGE