# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Matthew A. Brown - Partner
Direct E-Mail Address: matt@mllaborlaw.com
Direct Dial: (516) 303-1366

May 23, 2025

**Via ECF & E-Mail**

The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

**Re:** *Isayeva v. Diamond Braces et al*
**Case No. 22-cv-04575**

Dear Judge Failla:

This firm represents Defendants in the above-referenced matter. This letter shall serve as Defendants' opposition to Plaintiffs' motion to compel filed on May 20, 2025.[1] Moreover, for scheduling purposes, the undersigned will be out for religious observance on June 2-3, 2025.

1. **Class-Wide Discovery**

In order to resolve this branch of the motion, Defendants have reconsidered their position and will confirm the production of sampling provided for mediation purposes can be utilized for pre-class certification discovery purposes.

2. **Class Contact Information**

Plaintiffs' request for the contact information for all putative Rule 23 class members (i.e. all current and former employees employed across all of Defendants' locations during the class period) should be denied. Courts routinely deny such requests where plaintiffs have "made no showing that communication with individual members of the putative class is necessary to support [their] assertions under Rule 23," nor that this information is otherwise "relevant to demonstrating satisfaction of Rule 23 requirements." Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, at 491-92 (S.D.N.Y. 2016) (denying production of contact information regarding putative class

---

[1] In the event that the Court schedules a conference, Defendants note that there are certain deficiencies with respect to Plaintiffs' discovery responses that will likely require Court intervention. Defendants plan on raising any remaining issues with the Court within the next week if they are unable to resolve the matters with Plaintiffs.

members); see also Pagan v. C.I. Lobster Corp., 2021 U.S. Dist. LEXIS 177587, at *3 (S.D.N.Y. 2021)(denying discovery of "identities and/or contact information" of the putative class); Hernandez v. NHR Hum. Res., LLC, 2021 U.S. Dist. LEXIS 115242, at *19 (S.D.N.Y. 2021)(denying production of putative class members' contact information); Ai Min Ding v. Mask Pot Inc., 347 F.R.D. 417, 437-38 (E.D.N.Y. 2024)(denying motion to compel request for contact information of the putative Rule 23 class members as premature); Beaton v. Verizon New York, Inc., 2020 U.S. Dist. LEXIS 205013, at *3 (E.D.N.Y. 2020)("[C]ourts have refused to allow discovery of class members identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification.")(internal quotations and citations omitted). "[R]equests for contact information and records are particularly weak when a plaintiff 'has not sought discovery through other means that would support [their] Rule 23 claim' and has not otherwise 'demonstrated that he is entitled to the putative class contact information.'" Id. quoting Jenkins v. TJX Companies, Inc., 2011 U.S. Dist. LEXIS 44372, at *3 (E.D.N.Y. 2011).

In the instant matter, Plaintiffs have not made any showing that communication with putative class members is necessary to support their class-wide claims or how that information will otherwise assist in establishing the Rule 23 factors. Instead, they merely cite cases standing for the general proposition that courts may permit such discovery. However, Plaintiffs provide no analysis as to how the contact information, as opposed to other discovery, will advance their quest for class certification. Furthermore, a motion for similar discovery for the putative collective class is already pending before the court as part of Plaintiffs' Motion for Conditional Certification of a Collective Action. At the very least, the Court should defer a ruling on this issue until the Motion for Conditional Certification has been decided.

Lastly, in the event that the Court compels production, Defendants request until the latter of 2 weeks from the date of any Order or June 13, 2025, to produce the required information.

### 3. **E-Discovery**

Earlier today, Defendants produced the requested hit reports. However, due to the upcoming Holiday, along with the undersigned's religious observance on June 2-3, 2025, Defendants request until June 13, 2025, to further confer with Plaintiffs regarding same, to the extent necessary.

### 4. **Prior Suits and Documents Related to Defendants' Corporate Structure**

This branch of Plaintiffs' motion seeking prior complaints lodged against Defendants and documents related to Defendants' corporate structure is not supported by any precedent and has no bearing on class certification, and therefore, should be denied. In addition, the Court should deny this branch of the motion for the following reasons.

Concerning prior actions, investigations and internal complaints, Plaintiffs are engaging in a fishing expedition. In any event, all such lawsuits, to the extent any exist, are publicly available. As to internal complaints, this information is overly broad, burdensome and intrusive. Defendants produced responsive documents in their possession, custody or control for Plaintiffs and prior

Plaintiff Sama Aliyeva. Documents concerning other putative class members have no bearing on a motion for class certification. Furthermore, internal emails regarding wage and hour issues are otherwise covered by the ESI discovery already requested.

Concerning corporate structure, Plaintiffs' position is disingenuous. They received employment documents (e.g. pay rate notices and other documents) during their employment and again, during discovery identifying their corporate employer. Plaintiffs were also paid by a single check for each pay period covering hours worked at all locations which they worked. Plaintiffs otherwise named the founder and C.E.O of Diamond Braces, as an individual Defendant. They do not articulate any basis for further discovery as to corporate structure. To the extent deposition testimony warrants further discovery on certain issues, Defendants are amenable to conferring with Plaintiffs at that time.

As with other requests, Defendants request that if any production is required, they are provided until the latter of 2 weeks from the date of any Order or June 13, 2025, to produce responsive documents, if any.

**5. Depositions**

Defendants are amenable to providing deposition availability for the witnesses indicated in Plaintiffs' letter. However, Defendants request until June 13, 2025 to confer with all witnesses as to their availability due to the upcoming Holiday and religious observance. In addition, Defendants similarly request that Plaintiffs also provide their deposition availability by that date.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Matthew A. Brown

cc:     All Counsel of Record (via ECF)
        client (via e-mail)

The Court is in receipt of Plaintiffs' letter raising several discovery disputes. (Dkt. #133). The Court is also in receipt of Defendants' response in opposition. (Dkt. #134). For the reasons that follow, Plaintiffs' requests are GRANTED in part.

1. **Plaintiff's request for class-wide discovery**

The Court understands from Defendants' submission that this matter has been resolved and, as such, the Court need not address it.

2. **Plaintiff's request for class contact information**

Plaintiffs request that Defendants produce a list of class-wide contact information for all current and former employees, employed across Defendants' forty-four locations, during the alleged class period. While Defendants dispute whether this discovery is necessary, the Court agrees with Plaintiffs that "the weight of authority in this district counsels in favor of allowing pre-certification disclosure of contact information." *Whitehorn* v. *Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010); *see also Lojewski* v. *Group Solar USA, LLC*, No. 22 Civ. 10816 (PAE), 2024 WL 4785067, at *2 (S.D.N.Y. Nov. 14, 2024) (allowing for pre-certification disclosure of contact information).

The Court understands from Plaintiffs' submission that these individuals are "potential witnesses to Plaintiffs' claims." (Dkt. #133 at 2). Moreover, while Plaintiffs' motion for collective certification is currently pending, such discovery can serve a variety of purposes ahead of Plaintiffs' anticipated motion for class certification. *See Gordon* v. *Kaleida Health*, No. 08 Civ. 378S (WMS) (LFG), 2012 WL 432885, at *2-3 (W.D.N.Y. Feb. 9, 2012) ("It is well-established that in wage and hour cases, pre-class certification discovery of putative class member contact information is permissible to assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria."). Accordingly, Defendants are ORDERED to produce the requested information on or before **June 13, 2025.**

3. **Plaintiff's request for e-discovery**

The Court understands that this matter has been resolved, as Defendants have produced the requested hit reports. Should Plaintiffs' wish to confer further about these reports, the parties must do so by **June 13, 2025.**

4. **Plaintiff's request for prior suits and documents related to Defendants' corporate structure**

Plaintiffs request documents from Defendants related to prior actions, investigations, internal complaints, and grievances. Plaintiffs assert that such information will demonstrate whether Defendants' actions were willful.

The Court agrees with Defendants that discoverable information related to prior actions is likely publicly available. As such, Defendants need not produce this publicly available information. However, Plaintiffs have provided a reasonable basis for seeking documents related to non-privileged internal investigations and internal grievances. Such documents may "shed light on whether the actions complained of by Plaintiffs in this matter were willful." (Dkt. #133 at 3).

The Court also recognizes that documents related to Defendants' corporate structure may be relevant to this case. Indeed, Plaintiffs may wish to make arguments related to whether Defendants operated as a single integrated enterprise. However, the Court does not wish to authorize a "fishing expedition." (Dkt. #134 at 2). Accordingly, the parties are hereby ORDERED to meet and confer on or before **June 13, 2025,** to discuss the scope of such discovery. While the Court hopes that the parties can resolve any disputes amicably, if there are concerns about the scope of discovery, the parties can raise those issues to the Court.

5. **Plaintiff's request for deposition dates**

Defendants are ordered to provide proposed deposition dates for their outstanding 30(b)(6) witnesses on or before **June 13, 2025.** Plaintiffs shall also provide their deposition availability by that date.

The Clerk of Court is directed to terminate the pending motion at docket entry 133.

Dated:   May 29, 2025         SO ORDERED.
         New York, New York

                              *Katherine Polk Failla*

                              HON. KATHERINE POLK FAILLA
                              UNITED STATES DISTRICT JUDGE