# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181

**Via ECF**                                                                                      July 16, 2025
The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Aliyeva v. Diamond Braces et al.*
            Case No.: 22-cv-04575

Dear Judge Failla:

      We are counsel to Plaintiffs in the above-referenced matter. We write pursuant to the Court's Order, dated July 10, 2025, granting in part Plaintiffs' Motion for Conditional Collective Certification (Dkt. No. 140). By that Order, the Court ordered, *inter alia*, that the notices be returnable to the Clerk of the Court, rather than to Plaintiffs' counsel, and directed Plaintiffs to submit a revised proposed notice for the Court's approval.

      Following that Order, Plaintiffs requested Defendants' consent to have the Consent to Sue forms sent to Plaintiffs' counsel instead of the to the clerk of the Court, but Defendants refused to consent to this request. For the reasons set forth below, Plaintiffs respectfully request that the Court order the Consent to Sue forms be sent to Plaintiffs' counsel for filing on ECF. Attached herewith are Plaintiffs' revised forms for the Court's approval.

      The Court's Order granting conditional collective certification provides that the Consent to Sue forms be returned to the clerk of the Court and not to Plaintiffs' counsel. However, "Courts in this Circuit have found that so long as the notice makes make clear that Plaintiffs can retain their own counsel if they choose, it is 'acceptable and less cumbersome' for opt-in consent forms to be returned directly to plaintiffs' counsel." *Banjong v. Limleartvate*, 2023 U.S. Dist. LEXIS 91959, at *10 (E.D.N.Y. 2023). Furthermore, when notices are returned to the clerk of the Court, it can often take weeks before the consent forms are scanned in and filed. In this office's last case requiring notices to be returned to the clerk, after approximately a month without any filings of consents to sue, our office was required by the court to pick up the consent forms from the clerk's office, bring them back to our office, redact, scan, and upload them to ECF because the clerk's office was too busy to properly administer the opt-ins. *See NI v. HSBC*, Case No. 1:23-cv-00309, Dkt. 142-199 (S.D.N.Y. 2023). Any delay caused by the clerk's office with Opt-in Plaintiffs' consent forms can lead to difficulty in counsel reaching his own clients. *Dilonez v. Fox Linen Serv.*, 35 F. Supp. 3d 247, 252 (E.D.N.Y. 2014) ("the more practicable and efficient method of opting in is for the consent forms to be sent to plaintiffs' counsel"); *Mata-Primitivo v. May Tong Trading Inc.*, 2014 U.S. Dist. LEXIS 67018, at *6 (E.D.N.Y. 2014) ("requiring such forms to the Clerk of Court might prove intimidating to potential opt-in plaintiffs and may prevent individuals from joining the action.").

      We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ C.K. Lee