# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Matthew A. Brown - Partner
Direct E-Mail Address: matt@mllaborlaw.com
Direct Dial: (516) 303-1366

July 24, 2025

**Via ECF & E-Mail**

The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   *Isayeva v. Diamond Braces et al*
      Case No. 22-cv-04575

Dear Judge Failla:

This firm represents Defendants in the above-referenced matter. This letter shall serve as Defendants' response to Plaintiffs' July 22, 2025 letter motion regarding purported discovery disputes (ECF Docket Entry 145). Plaintiff's request for the Court's intervention should be denied as pre-mature because the parties are not ripe for adjudication Plaintiff's motion should also be denied because it seeks discovery that is duplicative of discovery previously produced by Defendants. Aside form the request to extend the discovery deadline, the letter motion is also nothing more than a list of petty and trivial grievances that are a transparent attempt to cast the Defendants in a negative light.

   **I.  Depositions**

Contrary to Plaintiffs' argument that Defendants have been unwilling to provide deposition availability for the witnesses listed in Plaintiffs' letter, Defendants informed Plaintiffs that they were meeting to discuss, *inter alia,* deposition availability. Defendants were going to reach out to Plaintiffs this week to discuss a deposition schedule and a potential extension of the discovery deadline, especially given the recent order granting conditional certification of a 216(b) collective action. Before Defendants could do so, Plaintiffs filed their letter motion with the Court. Accordingly, Defendants intend to provide deposition availability in the next week.

   **II.  ESI**

Defendants also contest Plaintiffs' characterization of the dispute concerning ESI. Defendants' IT Manager performed searches utilizing the provided search terms provided by

Plaintiffs and ran "hit reports" that are contained in four (4) Excel spreadsheets that were provided to Plaintiffs on May 23, 2025, which contained: (1) responsive items (i.e. none), (2) locations (i.e. the custodians whose e-mail accounts were searched along with search terms utilized), (3) settings used for the search; and (4) summary of the search performed. Defendants acknowledge that no responsive items were found.

Prior to the meet and confer concerning the ESI search, Plaintiffs requested that Defendants confirm, with regard to the searches (1) the custodians, (2) the titles of the custodians, (3) the email addresses searched, (4) terms that were used in the searches, (5) the name of the vendor who ran the searches, and (6) whether a Boolean search was performed. During the meet and confer, Defendants informed Plaintiffs that the the custodians, the titles of the custodians, the email addresses searched, and the terms used in the searches were included in the Excel spreadsheets (and that titles of custodians were already disclosed in discovery)that the IT Manager conducted the search, and that a Boolean search was performed (which is indicated in the Excel spreadsheets provided). Moreover, Defendants invited Plaintiffs to depose the IT Manager and that the matter could be revisited if further searches were needed. Plaintiffs did not push the issue further at that time, but instead chose to fire off a premature motion to compel a month and a half later. It is important to note that the IT Manager is not included on the list of Defendants' witnesses that Plaintiffs seek to depose in this matter.

Concerning the letter motion, Plaintiffs sole basis is their self-serving speculation that it is "inconceivable that none of the 36 search terms requested by Plaintiffs returned any hits." Plaintiffs recourse is to depose the IT Manager which Defendants previously invited them to do.

Accordingly, Defendants respectfully request that the Court deny this branch of the letter motion.

### III. Rule 26 Disclosures

Defendants have provided Plaintiffs with the information required under Rule 26.

With respect to individuals likely to have discoverable information, Defendants have produced substantive interrogatory responses identifying individuals who have knowledge of various subjects relevant to the case. Moreover, Defendants were already compelled to produce a list of all putative class members, which Plaintiffs sought for purposes of "investigating" the class-wide claims. Thus, there is no further information for Plaintiffs to obtain.

Concerning documents that will be used to support Defendants' defenses, Defendants have already provided substantive responses to Plaintiffs' document requests. This included significant production of documents.

Defendants do not have any insurance policy that covers liability for Plaintiffs' claims.

IV. **Discovery Deadline**

Lastly, although Plaintiffs never conferred with Defendants regarding an extension of the discovery deadline, Defendants do not dispute that an extension of discovery is appropriate given that the Court recently granted conditional certification of a 216(b) collective action, *inter alia*, permitting a 60-day notice period. Accordingly, Defendants do not oppose an extension of the discovery deadline until December 26, 2025, but note that a further extension may be required depending on the number of individuals who consent to join the case as opt-in Plaintiffs.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Matthew A. Brown

cc:   All Counsel of Record (via ECF)

---

The Court is in receipt of Plaintiffs' letter outlining several outstanding discovery issues (Dkt. #145), and Defendants' letter in response (Dkt. #148). The Court begins by noting that it has been well over a month since the parties met and conferred about the issues Plaintiffs now bring to the Court's attention. It is clear from the parties' submissions that an additional meet and confer may have at least narrowed the scope of the issues requiring judicial intervention. Nevertheless, the Court addresses each outstanding issue in turn.

**Depositions:** The Court understands that Defendants intend to provide deposition availability in the next week. For the sake of clarity, the Court orders Defendants to provide information regarding the availability of their witnesses for depositions on or before **August 1, 2025.**

**ESI:** The Court understands Plaintiffs' concern that Defendants' ESI searches returned zero hits for the terms and custodians requested by Plaintiffs. While the Court will not require Defendants to engage a private vendor at this time, Defendants are instructed to (i) confirm the ESI custodians on or before **August 1, 2025,** and (ii) meet and confer with Plaintiffs regarding their search technique. If the searches continue to produce no hits, the parties are instructed to inform the Court.

**Rule 26 Disclosures:** The Court accepts Defendants' representation that they have provided the disclosures required by Rule 26 of the Federal Rules of Civil Procedure. If Plaintiffs believe that Defendants' disclosures were inadequate, they must provide the Court with more information, beyond the single conclusory sentence included in their pre-motion letter, as to why that is so. (*See* Dkt. #145 at 2).

**Discovery Deadline**: Plaintiffs' request for an extension of the discovery deadline is granted.  Accordingly, the deadline for fact discovery to conclude is hereby ADJOURNED to **December 26, 2025**.  The Court expects this lengthy extension to provide sufficient time to complete discovery.

Moreover, in light of this extension, the post-fact conference scheduled for September 16, 2025, is hereby ADJOURNED to **January 20, 2026,** at **11:00 a.m.**  As before, the conference will take place in Courtroom 618 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

The Clerk of Court is directed to terminate the pending motion at docket entry 145.

Dated:     July 25, 2025             SO ORDERED.
           New York, New York

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE