# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Matthew A. Brown - Partner
Direct E-Mail Address: matt@mllaborlaw.com
Direct Dial: (516) 303-1366

August 6, 2025

<u>Via ECF & E-Mail</u>

The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Isayeva v. Diamond Braces et al*
      <u>Case No. 22-cv-04575</u>

Dear Judge Failla:

      This firm represents Defendants in the above-referenced matter. This letter shall serve as Defendants' request that the Court sanction Plaintiffs' counsel and require immediate corrective action concerning unauthorized communications between Plaintiffs' counsel and potential collective action members related to the collective action notice. Despite this Court twice rejecting Plaintiffs' request to have notices returned to Plaintiffs' counsel, Plaintiffs' counsel has sent an unauthorized e-mail to putative collective action members stating, *inter alia*, that they can join the lawsuit by either (i) electronically signing a consent to sue form (through a link created by Plaintiffs' counsel); or (ii) printing, signing and returning the consent form in accordance with instructions on the notice. This is highly inappropriate, and given the backdrop of prior conduct, it cannot be written off as unintentional. As such, for the reasons below, the Court's immediate intervention is required.

**<u>Procedural Background & Timeline of Events</u>**

      On July 10, 2025, the Court granted conditional certification of a collective action. (Dkt. No. 140). Relevant to this letter, the Court (a) ordered Plaintiffs to submit a revised proposed notice consistent with the opinion by July 21, 2025, specifically defining the scope of the collective, (b) denied Plaintiffs' request that consent forms be returnable to Plaintiffs' counsel instead of the Clerk of the Court, and (c) required Defendants to produce the putative class list (including contact information) no later than July 24, 2025. (<u>Id</u>.).

      Thereafter, on July 16, 2025, Plaintiffs submitted a revised proposed notice and consent to sue form, and also asked the Court to reconsider its decision to have consent forms made returnable

to the Clerk of the Court rather than to Plaintiffs' counsel. (Dkt. No. 141). Defendants opposed that request. (Dkt. No. 142). On July 21, 2025, the Court denied that second request to have the consent forms sent to Plaintiffs' counsel and required Plaintiffs to file an updated proposed notice in conformity with the July 10, 2025 opinion by July 25, 2025. (Dkt. No. 143). Later that same day, Plaintiffs' counsel surprisingly notified Defendants that they "have about 20 people who have already signed on to the case" based on their so-called "investigation" of the claims. This was quite disturbing considering that the putative collective action list had not yet been provided to Plaintiffs and the collective action notice and consent forms had not yet been sent out. This admission also makes it apparent that Plaintiffs' counsel sought reconsideration of the decision to have consent forms sent to their office instead of the Clerk of the Court because they had already obtained signed consent forms (although a final version of the notice and consent forms were not yet approved by the Court).

Plaintiffs then resubmitted their proposed notice and consent forms on July 22, 2025. (Dkt. No. 144). However, Defendants objected to same since Plaintiffs' submissions improperly included all covered employees that worked for Defendants from June 2, 2019 through the present, as opposed to June 2, 2019 through June 2, 2022 as previously ordered by the Court. (Dkt. No. 146). The Court agreed with Defendants and noted that Plaintiffs failed to comply with the prior directives, assuming this was due to an oversight as oppose to disregard for court orders. (Dkt. No. 147). The Court also stated that "Plaintiffs are expected to exercise greater care before making future submissions to the Court" and granted Plaintiffs permission to distribute the collective action notice and consent form so long as Plaintiffs' counsel adhered to the Court's directives.

On July 24, 2025, Defendants produced the collective action list to Plaintiffs' counsel. At the same time, Defendants requested a copy of the final notice and consent form that would be sent to putative collective action members and confirmation as to the date such documents were distributed. Plaintiffs did not respond to this inquiry. On August 1, 2025, Defendants, again, requested confirmation as to when the collective action notice was sent to putative collective action members. It was not until August 4, 2025 that Plaintiffs provided copies of the collective action notice and consent to sue form that were distributed that day - 11 days after receiving the list of putative collective action members. This length of time to send out the notice and consent form, which was in part distributed via e-mail, is also highly suspect.

Furthermore, the e-mail sent to putative collective action members, which was not authorized by the Court, included language and opt-in measures that were not authorized by the Court. (See Exhibit "A"). In fact, the Court did not authorize any cover letter or e-mail to be sent to putative collective action members. Of specific concern, the cover e-mail states, "If you wish to join the lawsuit, you must either (i) sign electronically or (ii) print and sign manually, and return it in accordance with instructions in the notice. If you wish to sign electronically, please click this LINK. Not only did the Court never authorize this language, but it did not authorize Plaintiffs' counsel to send any email or permit putative collective action members to opt into the case via electronic signature via any link, especially such a link that is sent directly to Plaintiffs' counsel. Plaintiffs' counsel has blatantly disregarded the Court's Order. This effort is also a transparent attempt to improperly harvest consent forms by unauthorized means so that Plaintiffs' counsel can file same with the Court. Of critical importance, the email will undoubtedly create confusion, which Plaintiffs' counsel could later utilize to seek reconsideration to file the opt-ins directly via

counsel. This is especially concerning considering the fact that Plaintiffs' counsel claims to "have about 20 people who have already signed onto the case," which is procedurally improper.

**Request for Relief**

Based on the foregoing, Defendants request an order sanctioning Plaintiff's counsel for it's bad faith conduct in disregarding the Court's Orders despite prior warning, which is within the Court's inherent power. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991). Notably, as the Court stated at a prior telephonic conference, Plaintiffs' counsel has a reputation in the Southern District for not only stepping up to the line, but "dipping a toe" over the line. This is another example of Plaintiffs' counsel "dipping a toe." Severe sanctions are warranted given the backdrop of this litigation along with Plaintiffs' counsel's history. See e.g., Gomez v. Terri Vegetarian LLC, 2021 U.S. Dist. LEXIS 108129 (S.D.N.Y. 2021)(Lee Litigation Group, PLLC directed to pay $10,180.55 in sanctions for seeking to enforce a settlement agreement against defendants that were dismissed from the action and not part of the settlement, noting that the law firm had a history of similar conduct).

Accordingly, Defendants respectfully request that the Court issue sanctions including, but not limited to: (a) admonishment of Plaintiffs' Counsel, (b) appropriate monetary sanctions to deter similar conduct in the future, (c) decertifying the collective action as the opt-in process is now tainted and/or (d) disqualifying Plaintiffs' counsel from representing any Plaintiffs or opt-in Plaintiffs in this action due to the firm's conduct.

To the extent that the Court denies this request, Defendants request that the Court (a) reject and bar any electronically signed consent forms and (b) require Plaintiffs' counsel to (i) disable the link to the electronic consent form; and (ii) issue a corrective e-mail to putative collective action members that they cannot electronically sign the consent form, but must manually sign the document and return it to the Clerk of the Court if they choose to opt in.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Matthew A. Brown

cc:   All Counsel of Record (via ECF)